UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM STERLING,<br><br>                Petitioner,<br><br>v.<br><br>STILLWATER,<br><br>                Respondent. | Case No. 15-cv-3988 (ADM/LIB)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on petitioner Adam L. Sterling's Petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2255, [Docket No. 1][1]; Motion, [Docket No. 2]; and, Motion, [Docket No. 3].[2] The petition has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court has conducted a preliminary review of Sterling's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Sterling's petition.

      Sterling is serving a life sentence without the possibility of parole for a conviction of first-degree premeditated murder. *See State v. Sterling*, 834 N.W.2d 162 (Minn. 2013). The Minnesota Supreme Court affirmed Sterling's conviction and sentence on July 24, 2013. *Id*. Sterling has twice before requested federal habeas relief in this District. The first petition was dismissed without prejudice for failure to exhaust state remedies. *Sterling v. Smith*, No. 14-4063

---

[1] 28 U.S.C. § 2255 is for purposes of challenging a federal court conviction. Because Sterling is challenging a state court conviction, this Court interprets his petition as a § 2254 habeas petition.

[2] Sterling's motions do not request any particular action by the Court or form of relief. *See* Docket Nos. 2, 3.

(ADM/LIB), 2014 WL 5496867 (D. Minn. Oct. 30, 2014). The second petition was dismissed as time-barred. Report and Recommendation, *Sterling v. Smith* No. 15-2578 (D.Minn. June 8, 2015), ECF No. 8. The Court concluded in that case that the limitations period for Sterling to file a federal habeas petition for his conviction ended on October 22, 2014. *Id*. at 3. Although Sterling's current petition is difficult to understand, he still appears to be challenging the same conviction.[3] His current petition is therefore also time-barred. Because Sterling's present petition is time-barred, the undersigned recommends that the petition be denied.

Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Sterling's current habeas corpus petition differently than it is being treated herein. Sterling has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Sterling should not be granted a COA in this matter.

---

[3] Like his previous petitions, Sterling's current petition is incomprehensible. For Ground One, he states "Prea rape sexual harassment Toteen." Petition, ECF No. 1 at 4. For Ground Two, he states "reasonable doubt 'Beyond' no evidence in my case I mean none so I wash I was never at body I far away watching from someone holding me up." Petition, ECF No. 1 at 5. For Ground Three, he states "council I have reasonable doubt with no evidence against me I I can't afford it." Petition, ECF No. 1 at 7. For Ground Four, he states "wrongful judgment denied every action there smutt." Petition, ECF No. 1 at 8.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED:

1. That Petitioner Adam Sterling's Petition for a writ of habeas corpus, [Docket No. 1], be **DENIED**;

2. That this action be **DISMISSED**;

3. That Petitioner's Motion, [Docket No. 2], be **DENIED** as moot; and,

4. That Petitioner's Motion, [Docket No. 3], be **DENIED** as moot.


Dated: November 18, 2015                    s/Leo I. Brisbois
                                            LEO I. BRISBOIS
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.